UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRENCE MOORE, | Case No. 09-13536 |
| Plaintiff, | Arthur J. Tarnow |
| vs. | United States District Judge |
| GEORGE HARTLEY, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTION TO DISMISS (Dkt. 15)**

**I. PROCEDURAL HISTORY**

Plaintiff filed a prisoner civil rights action on September 8, 2009, alleging that defendants, police officers employed by the City of Ferndale Police Department, violated his rights under the United States Constitution. (Dkt. 1). This matter was referred to the undersigned for all pretrial purposes by District Judge Arthur J. Tarnow on November 24, 2009. (Dkt. 17).

On November 19, 2009, detectives George Hartley, Kenneth Denmark, John Thull, Brendan Moore, Patrick Jones, and Lt. Norman Raymond, filed a motion to dismiss plaintiff's complaint. (Dkt. 15). Plaintiff filed a response along with a document entitled "motion for summary judgment and to dismiss," which the undersigned construed as part of the response to the motion to dismiss. (Dkt. 19,

21).  Defendants filed a reply on December 15, 2009.  (Dkt. 23).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to **DISMISS** be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

## II.    STATEMENT OF FACTS

According to the complaint, on January 19, 2005, plaintiff was detained on a child support warrant.  (Dkt. 1).  Plaintiff claims this was a pretense for detaining him in connection with the murder of Amjed Abdullah. Plaintiff claims that Thull grabbed his throat to keep him from yelling when Hartley denied plaintiff's request for an attorney.  Plaintiff claims that he was choked with enough force to pin him back in a chair where he was then handcuffed.  Plaintiff alleges that he was dragged to a juvenile cell based on his requests for an attorney and that Hartley clicked the handcuffs on plaintiff's wrists until he stopped yelling for help.

According to plaintiff, later that evening, Hartley approached him and asked him if he wanted to go home.  Plaintiff said yes in order to relieve the tightened handcuffs.  Hartley then told plaintiff that he would have to make a statement about the relationship of Eduardo Rodriguez to Mr. Abdullah, to which plaintiff agreed.  Plaintiff alleges that he was slapped repeatedly by Thull for requesting an attorney.  Plaintiff asserts that he repeatedly requested, and was denied, his anti-psychotic medications.  Plaintiff says he was coerced into signing a blank form

with the promise of receiving his medications. Plaintiff says that he never received any medications from January 19 - 22, 2005 and was also deprived sleep and questioned while sleep-deprived. On January 22, 2005, plaintiff claims that Denmark and Hartley pushed him onto the floor while he was handcuffed, causing him to suffer a bruised rib and a punctured lung. Plaintiff says he received no medical assistance until January 24, 2005. Plaintiff also claims that he was denied his anti-psychotic medications from January 26-29, 2005.

Based on these events, plaintiff claims that a variety of his constitutional rights were violated and he filed this action on September 8, 2009, pursuant to 28 U.S.C. § 1983. While plaintiff identifies a host of constitutional violations, the facts on which they are based boil down to essentially two theories: excessive force during his pretrial detainment and interrogation and deliberate indifference to his medical needs during pretrial detainment.[1]

---

[1] Defendants argue that plaintiff cannot bring a claim for deliberate indifference under the Eighth Amendment. Technically, defendants are correct. However, it is well-established that "[p]retrial detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005), citing, *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

## III. ANALYSIS AND CONCLUSIONS

### A. Standard of Review

Defendants have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Rule 12(d) provides that, if the moving party presents and the Court relies on matters *outside* the pleadings, "the motion [under Rule 12(b)(6)] must be treated as one for summary judgment and disposed of as provided in Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). Thus, the plain language of the rule requires that if the motion relies on outside materials that the Court considers, then the motion "must" be converted into a motion for summary judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). With respect to plaintiff's claim that his mental illness should operate to toll the statute of limitations, the parties submitted, and the undersigned has considered, evidence that is outside the pleadings. Thus, the Court will treat the motion to dismiss as one for summary judgment under Rule 56.

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the evidence and all reasonable inferences must be construed in favor of the nonmoving party. *Tanner v. County of Lenawee*, 452 F.3d 472, 477 (6th Cir. 2006). "[A] party seeking

summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (citation omitted). "A party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Id.*, quoting, *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks omitted).

B. <u>Legal Standards - Statute of Limitations</u>

A defendant raising the statute of limitations as an affirmative defense has the burden of proving that the action is time-barred. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). To prevail on this affirmative defense, defendants must prove both that: (1) the statute of limitations has run; and (2) that no genuine issue of material fact exists as to when plaintiff's cause of action accrued. *Id.* If defendants meet this burden, the burden then shifts to plaintiff to establish an exception to the statute of limitations. *Id.* The nonmoving

party may not rest on the mere allegations in the pleadings. *Id*. However, if defendants fail to meet their burden of proof, plaintiff has no obligation to proffer any additional evidence to rebut the statute of limitations defense. *Fonseca v. CONRAIL*, 246 F.3d 585, 590-91 (6th Cir. 2001).

The nature of plaintiff's burden with respect to establishing an exception depends on the exception at issue. This Court recently agreed with the Tenth Circuit that "for equitable tolling of the statute of limitations, the burden lies with the plaintiff; for [tolling based on] administrative exhaustion under 42 U.S.C. § 1997e, the burden lies with the defendants." *Jones v. Richardson*, 2008 WL 907383, *11 (E.D. Mich. 2008), quoting, *Roberts v. Barreras*, 484 F.3d 1236 (10th Cir. 2007).

Statutes of limitation are established to extinguish rights, justifiable or not, that might otherwise be asserted. *Kavanagh v. Noble*, 332 U.S. 535, 539 (1947). They are designed, among other things, to compel plaintiffs to exercise their rights of action within a reasonable time; to protect potential defendants from the protracted fear of litigation; and to promote judicial efficiency by preventing defendants and courts from having to litigate stale claims. *Moll v. Abbott Labs.*, 444 Mich. 1, 14, 506 N.W.2d 816 (1993); *see also U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 503 (6th Cir. 1998). As such, these statutory restrictions are not simply technicalities; rather, they are fundamental to a well-ordered judicial

system. *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980).

Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003), citing *Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985). The Sixth Circuit has held that the "appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008), citing, Mich. Comp. Laws § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *see also, Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (Where "state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.").

The characterization of a claim, including the determination of when the cause of action accrued, is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations begins to run under federal law "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). "In determining when

the cause of action accrues in section 1983 actions, [courts] have looked to what event should have alerted the typical lay persons to protect his or her rights." *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997).

        1.    Excessive force.

"A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox*, 489 F.3d at 233, citing, *Wallace v. Kato*, 549 U.S. at 388; *see also Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981) (A claim for excessive force accrues when the use of force occurred.). When there are no disputed facts on this question, it is for the Court to decide. *See Moll*, 444 Mich. at 26 (Where the facts are undisputed, whether a cause of action is barred by the statute of limitations is a question of law to be determined by the trial judge.). There is no dispute that plaintiff's arrest occurred on January 19, 2005. In addition, plaintiff alleges that excessive force was used during his interrogation and pretrial detention, between January 19 - 24, 2005. Thus, plaintiff's excessive force claims accrued between January 19 - 24, 2005 and the limitations period expired, at the latest, on January 24, 2008. There is also no dispute that plaintiff's complaint was not filed until September 8, 2009, well in excess of the three years prescribed by the Michigan statute of limitations applicable to § 1983 claims. Thus, the undersigned concludes that plaintiff's excessive force claims are presumptively time-barred.

### 2. Deliberate indifference

For purposes of § 1983, a cause of action accrues "when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Hermansen v. Schickel*, 1999 WL 1282438, at *1 (6th Cir. 1999), citing, *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Where the plaintiff alleges an injury due to the withholding of medication, the limitations period begins to run upon "the initial denial of medication" where that denial "would have alerted the average lay person to take steps to protect his rights at that time." *Gray v. Dorning*, 1999 WL 1336118, at *1 (6th Cir. 1999); *see also Hawkins v. Spitters*, 79 Fed.Appx. 168, 169 (6th Cir. 2003) (a claim accrues when the plaintiff "clearly ha[s] reason to challenge what he believe[s] to be deliberate indifference to his serious medical need."). If the "continuing violations doctrine" is employed, the cause of action continues to accrue all the while treatment or care is denied. *See e.g.*, *Ellis v. Vadlamudi*, 568 F.Supp.2d 778 (E.D. Mich. 2008).

In this case, plaintiff's deliberate indifference claims all accrued between January 19 and January 29, 2005, the time frame in which he alleges that he was denied medications and denied treatment for the injuries inflicted on him. Plaintiff does not allege or identify any continuing denial of care or treatment after January 29, 2005. Based on the foregoing, the latest the statute of limitations could have expired is January 29, 2008. The limitations period applicable to his deliberate

indifference claims was long expired when plaintiff filed his complaint on September 8, 2009. Thus, plaintiff's deliberate indifference claims are barred by the statute of limitations.

### 3. Tolling.

Plaintiff does not dispute that the statute of limitations, on its face, bars his claims. Rather, plaintiff contends that the statute of limitations was tolled due to his alleged mental derangement or insanity. Plaintiff relies on Michigan's tolling statute, which provides, in relevant part:

> (1) If the person first entitled to make an entry or bring an action under this act . . . is insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run . . .
>
> (2) The term insane as employed in this chapter means a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane.

Mich. Comp. Laws § 600.5851(1)-(2). Section 600.5851(1) provides that, where the plaintiff is deemed insane at the time the claim accrues, the plaintiff is permitted a "year of grace" from the time when the disability is removed in which to file his or her claim. *English v. Bousamra*, 9 F.Supp.2d 803, 808 (W.D. Mich. 2008), citing, *Honig v. Liddy*, 199 Mich.App. 1, 3-4, 500 N.W.2d 745 (1993);

*Lemmerman v. Fealk*, 449 Mich. 56, 70, 534 N.W.2d 695 (1995). Further, to prevent the one-year period from beginning to run, the condition of incapacity must be continuous. *English*, 9 F.Supp.2d at 808, citing, Mich. Comp. Laws § 600.5851(4) ("Successive disabilities shall not be tacked."). And, as noted above, plaintiff bears the burden of demonstrating that he is entitled to the benefit of this statute. *See Warren Consolidated Schools v. W.R. Grace & Company*, 205 Mich.App. 580, 583, 518 N.W.2d 508 (1994) ("[W]here it appears that the cause of action is prima facie barred, the burden of proof is upon the party seeking to enforce the cause of action to show facts taking the case out of the operation of the statute of limitations[.]").

In his response, plaintiff does not offer any evidence to support his claim of insanity or that he was insane continuously from the time his claims began to accrue. In addition, plaintiff does not identify when, if ever, his incapacity of insanity was ever lifted. In contrast, in reply, defendants offer reports from the Michigan Department of Community Health dated April 14, 2005, indicating that plaintiff was found competent to stand trial. (Dkt. 23-2). The examiner found that while there was evidence to satisfy the statutory criteria for "mental illness," the requirements for "legal insanity" were not met. *Id*. Despite the opportunity to do so, plaintiff has not provided any supplemental evidence regarding his claim that the statute of limitations should be tolled based on his mental illness.

The Supreme Court has framed the standard for determining competence to stand trial as "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993), quoting, *Dusky v. United States*, 362 U.S. 402, 402 (1960). Under Michigan law, "[a] defendant to a criminal charge ... shall be determined incompetent to stand trial only if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner ... ." Mich. Comp. Laws § 300.2020(1). Notably, the standards for determining legal competency to stand trial and for insanity for purposes of the tolling statute are not the same. *See e.g.*, *Douglas v. York County*, 433 F.3d 143 (1st Cir. 2005) ("[T]he standards for determining mental illness for purposes of the tolling statute are not necessarily the same as when determining mental competence for the ability to marry and divorce ... or to stand trial ... or to avoid appointment of a guardian" because "the legal standard of competency varies for different purposes."). However, under the circumstances presented, where plaintiff has not met his burden of proving that the statutes of limitation barring his claims should be tolled due to an alleged mental illness or insanity, the undersigned concludes that the differences in the standards are not material to the outcome of this decision. In conclusion, the undersigned

suggests that the statutes of limitations barring plaintiff's claims have not been tolled.

Based on the foregoing, the undersigned suggests that the other grounds for dismissal raised in defendant's motion need not be addressed.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendants' motion to **DISMISS** be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 4, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: T. Joseph Seward, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Terrence Moore, ID# 208380, CHIPPEWA CORRECTIONAL FACILITY, 4269 W. M-80, Kincheloe, MI 49784.

s/Tammy Hallwood
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov